UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRES RODRIGUEZ, | ) | |
| | ) | |
| PLAINTIFF, | ) | **COMPLAINT** |
| | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| CITIZENS LAW GROUP LTD., and | ) | |
| JOSHUA MARTIN, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**COMPLAINT FOR UNPAID WAGES AND RETALIATORY DISCHARGE**

NOW COMES the Plaintiff, ANDRES RODRIGUEZ ("Plaintiff"), by and through his attorneys, Gainsberg Law, P.C., complaining of the Defendants CITIZENS LAW GROUP, LTD. and JOSHUA MARTIN ("Mr. Martin"), and states as follows:

**NATURE OF CASE**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq. ("IWPCA"), Chicago, the City of Chicago Minimum Wage Ordinance, Municipal Code of Chicago Chapter 1-24 *et. seq.*, "CMWO" and the Illinois common law of unjust enrichment for Defendants': 1) failure to pay Plaintiff at the least the federally and/or Illinois-mandated and/or City of Chicago mandated minimum wages for all time worked in violation of the FLSA, the IMWL and the CMWO; 2) failure to pay overtime wages to Plaintiff in violation of the FLSA, the IMWL and the CMWO; 3) failure to pay Plaintiff all earned wages at the rate agreed to by the parties in violation of the IWPCA and the Illinois

1

common law of unjust enrichment; 4) practice of making unlawful deductions from Plaintiff's earned wages in violation of the IWPCA; and 5) termination of Plaintiff's employment in retaliation for Plaintiff's refusal to agree to employment terms in violation of the FLSA, IMWL, IWPCA and CMWO.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

3. Venue is properly placed in this District because the Defendants are transacting business in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District pursuant to 28 U.S.C. §1391(b)(2) and (3).

## PARTIES

4. At all relevant times, Plaintiff resided in Illinois and worked as a non-exempt employee for Defendants at their Chicago office at 2101 W Division St, Chicago, IL 60622 during the applicable statute of limitations period.

5. At all times pertinent hereto, Defendant, Mr. Martin was an Owner of Defendant Citizens Law Group, LTD. In this capacity, Mr. Martin is involved in the day to day business operations of Citizens Law Group LTD. and has authority to hire and fire employees, the authority to direct and supervise the work of employees, including the Plaintiff in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiff as exempt or non-exempt, employee compensation and capital expenditures. At all

relevant times, Mr. Martin acted and had responsibility to act on behalf and in the interests of Defendant Citizens Law Group LTD. in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiff minimum wages, an overtime premium as required by the FLSA, IMWL, CMWO and IWPCA and the decision to terminate Plaintiff.

6. At all times hereinafter mentioned, Defendant Citizens Law Group LTD. was an "employer" or "joint-employer" of Plaintiff as defined by the FLSA, 29 U.S.C § 203(d), the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS 115/2 and the CWMO Chicago Mun. Code Chap. 1-24-01 and Illinois common law.

7. At all times hereinafter mentioned, Defendant Mr. Martin was an "employer" or "joint-employer" of Plaintiff as defined by the FLSA, 29 U.S.C § 203(d), the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS 115/2 and the CWMO Chicago Mun. Code Chap. 1-24-01 and Illinois common law.

**FACTS**

8. Plaintiff incorporates paragraphs 1 through 7 as if fully set forth herein.

9. Plaintiff was employed with Defendants with the title of "law clerk" from March 15, 2012 thru May 15, 2017.

10. During Plaintiff's employment with Defendants, he was not enrolled in any *juris doctor* ("J.D.") program, had never enrolled in any such program and had never been awarded a J.D. and had never practiced law in any jurisdiction.

11. During Plaintiff's employment with the Defendants, Plaintiff worked at the Defendants' office located at 2101 W Division St, Chicago, IL 60622.

12. At all relevant times referenced herein, the Plaintiff's primary duties involved the performance of non-exempt labor, including speaking with prospective leads via phone to get them to come in for a consultation, follow up via phone with leads that called but have not committed to scheduling an appointment or consult, meet with prospective lead to gather relevant facts pertaining to their issue at the consult, create digital file on CAPTA system for the new client as well as a file folder with pertinent documents, ensure that the front desk has any upcoming court dates scheduled if made aware of such by client or relevant documentation, scan / upload court docs, retainer and any additional documentation relevant to the case, for loan modification screened for HAMP or in-house modifications, photocopied all financials and uploaded them onto our CAPTA system and created a physical file with retainer and documentation, faxed file to the lender, followed up with the lender to confirm receipt, tasked with providing any additional info or documentation that the lender requests in a timely fashion, kept client updated on progress as needed and responded to client inquiries on cases.

13. Plaintiff was required to, and regularly worked more than 40 hours a week. Defendants required, approved and/or suffered and permitted Plaintiff to work more than 40 hours per week, and/or knew or should have known Plaintiff worked more than 40 hours per week.

14. Throughout their employment by Defendants, Plaintiff was paid a base piece-work rate regardless of the number of hours he worked. Plaintiff did not receive any additional compensation for hours worked in excess of 40 per week in direct violation of the FLSA, IMWL and CMWO.

15. On June 29, 2017, Plaintiff requested his personnel file via certified mail pursuant to the Illinois Personnel Record Review Act and Defendants have willfully refused to produce the file.

16. Plaintiff is not in possession of his employment agreement with Defendants. Upon information and belief Defendants maintain a copy of this employment agreement.

17. Plaintiff was compensated by the Defendants on the following piece-work basis upon completion:

   a. Foreclosure Defense: $700.00.

   b. Loan Modification: $600.00.

   c. Short Sale Real Estate Transaction: $700.00.

   d. Chapter 13 Bankruptcy: $600.00

   e. Chapter 7 Bankruptcy: $300.00

18. Pursuant to Plaintiff is currently owed a total of $15,100.00 in wages from Defendants' from non-payment on files.

19. Defendants' would deduct earned wages from Plaintiff if the client failed to pay the agreed upon fee and/or if there was a perceived unsatisfactory legal outcome on the file.

20. Throughout Plaintiff's employment, Defendants failed to maintain accurate records of time worked by Plaintiff.

21. Defendants' conduct was willful, including that they required, approved and/or suffered or permitted Plaintiff to perform non-exempt work.

22. Defendants, upon information and belief, failed to post or keep posted notices required by the FLSA and the Chicago Minimum Wage Ordinance.

23. During spring of 2017 Plaintiff began to request prompt outstanding payment for files he performed work upon, where in some cases payment had been over a month outstanding.

24. During spring of 2017, Defendant Mr. Martin and other agents of Citizens Law Group LTD. requested Plaintiff to begin working on additional bankruptcy files with Plaintiff to be paid for work performed at the conclusion of the bankruptcy.

25. Plaintiff refused to transition to additional bankruptcy files with payment to be at the conclusion of the bankruptcy and informed Defendant Mr. Martin and other agents of Citizens Law Group LTD. his refusal was based upon the fact he would be required to work on the file without payment during the pendency of the bankruptcy.

26. On May 15, 2017, Defendants' terminated Plaintiff's employment in retaliation for his requests to be paid outstanding wages and his refusal to agree to transition additional bankruptcy cases with payment at the conclusion of the bankruptcy.

**COUNT I**
**Willful Failure to Pay Minimum Wage and Overtime in Violation of the Fair Labor Standards Act**
**(All Defendants)**

27. Plaintiff incorporates paragraphs 1-26 as if fully set forth herein.

28. The Plaintiff regularly worked in excess of forty hours in a work week during the relevant period, but was not compensated at the applicable overtime rate for those hours.

29. The Plaintiff does not fall under any exemption or exception to the FLSA's overtime pay requirements.

30. Under the FLSA, 29 U.S.C. 211(c), Defendants were required to maintain accurate records of hours worked by Plaintiff.

31. Under the FLSA, 29 U.S.C. 207(a)(1), Defendants were required to compensate Plaintiff for all hours worked and to pay a rate of time and a half their regular rate of pay for all overtime, i.e., hours worked in excess of 40 hours per work week.

32. At all relevant times herein, Defendants failed to maintain accurate records of the hours worked by Plaintiff.

33. Defendants' conduct was willful and intentional, in that Defendants regularly required, approved and/or suffered or permitted Plaintiff to work overtime hours for which they were not compensated at the statutory rates, or knew or should have known Plaintiff worked overtime hours for which they were not compensated at the statutory rates.

34. As a result of Defendants' policy and practice of failing to pay Plaintiff overtime compensation, Plaintiff have been damaged and not received wages due and owing, pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in their favor and against Defendants, jointly and severally, for the following:

a) An award of back pay equal to the amount of all unpaid overtime compensation;

b) Finding Defendants' conduct alleged herein to be willful and award compensation for at least three years prior to the filing of this action;

c) An award of liquidated damages equal to the amount of all unpaid minimum wage and overtime compensation, or alternatively, prejudgment interest;

d) Attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b);

e) For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) Such other relief as this Court deems necessary and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law
### (All Defendants)

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 34 above as if fully set forth herein.

36. Under the Illinois Minimum Wage Law, 820 ILCS 105/4, Defendants were required to pay Plaintiffs at least the minimum wage for all regular hours worked.

37. The Illinois Minimum Wage Law requires employers to maintain accurate records of hours worked by employees. 820 ILCS 105/8.

38. Defendants regularly under-reported the time worked by Plaintiff.

39. 820 ILCS 105/4(a) requires Defendants to compensate employees at a rate of time and one-half their regular rate of pay for overtime hours, i.e., hours worked in excess of 40 in a workweek.

40. Defendants failed to compensate Plaintiff for all overtime hours which were worked but were not recorded in Defendants' time records.

41. Defendants were aware of, required, suffered and/or permitted Plaintiff to work unpaid overtime hours.

42. Defendants' conduct complained of herein was willful and intentional, in that Defendants required, approved and/or suffered or permitted Plaintiff to work hours for which they were not paid, and which were required to be paid, or knew or should have known Plaintiff worked hours for which they were not paid, and which were required to be paid.

43. Because of Defendants' willful violation of the IMWL, Plaintiff has been damaged in that they have not received wages due and owing pursuant to the IMWL.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants jointly and severally for the following:

a) Actual damages;

b) 2% of the amount of underpayments for each month following the date of payment during which such underpayment remains unpaid pursuant to 820 ILCS 105/12;

c) Attorneys' fees and costs of this action pursuant to 820 ILCS ' 105/12(a); and

d) Such other relief as this Court deems necessary and just.

### COUNT III
### Violation of the Illinois Wage Payment and Collection Act
### (All Defendants)

44. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 43 above as if fully set forth herein.

45. Section 10 of the IWPCA requires employers to notify employees of their assigned rates of pay at the time of hiring, and of any changes in the rate of pay thereafter. 820 ILCS 115/10.

46. Defendants paid for some, but not all, of Plaintiff's work in breach of the agreement to pay them for the piece-rate schedule set forth in Paragraph 15 of this Complaint.

47. Under the Illinois Wage Payment and Collection Act, 820 ILCS 115/4, Defendants were required to pay Plaintiff their earned wages at the end of the pay period in which such wages were earned.

48. Under the Illinois Wage Payment and Collection Act, 820 ILCS 115/5, Defendants were required to pay Plaintiffs their final compensation at the time of separation, or at the next regularly scheduled pay day. Defendants paid for some, but not all, of Plaintiffs' work time in breach of the agreement to pay them for their work time at their assigned hourly rates of pay.

49. Under the Illinois Wage Payment and Collection Act, 820 ILCS 115/9, Defendants were prohibited from making deductions against Plaintiff's pay unless the

authorization for such deduction is (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made. Defendants regularly deducted pay from Plaintiff for Defendants' own benefit on files where the client either failed to pay their fee to the Defendants or where there was an unsatisfactory legal outcome.

50. Under the Illinois Wage Payment and Collection Act, 820 ILCS 115/10, Defendants were required to furnish Plaintiff with an itemized statement of deductions made from wages each pay period when the wages are paid. Defendants never provided itemized statements of deductions from wages for each pay period to Plaintiff.

51. To date, Defendants have withheld payment of wages totaling $15,100.00 from Plaintiff.

52. Defendants' conduct complained of herein was willful and intentional, in that Defendants required, approved and/or suffered or permitted Plaintiff to work hours for which they were not paid, and which were required to be paid, or knew or should have known Plaintiff worked hours for which they were not paid, and which were required to be paid and made deductions for their own benefits from Plaintiff's earned wages without necessary authorization or itemiztion.

53. Because of Defendants' willful violation of the IWPCA, Plaintiff have been damaged in that they have not received wages due and owing pursuant to the IWPCA.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants, jointly and severally, for the following:

a) Actual damages, including but not limited to $15,100.00 in unpaid wages;

b) 2% of the amount of underpayments for each month following the date of payment during which such underpayment remains unpaid pursuant to 820 ILCS 115/14;

c) Attorneys' fees and costs of this action pursuant to 820 ILCS 105/14; and

d) Such other relief as this Court deems necessary and just.

## COUNT IV
### Violation of Chicago Minimum Wage Ordinance
### (All Defendants)

54. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 53 above as if fully set forth herein.

55. Under the CMWO, Chicago Mun. Code Chap. 1-24-020, Defendants were required to pay covered employees at least a minimum wage set forth by the CMWO for each regular hour worked while physically present within the geographic boundary of the City. Effective July 1, 2015, the Chicago Minimum Wage was $10 per hour and effective July 1, 2016, the Chicago Minimum Wage became $10.50 per hour.

56. Under the Chicago Ordinance, Chicago Mun. Code Chap. 1-24-020, Defendants were required to pay covered employees overtime at one and half times their regular rates of pay. Defendants regularly failed to pay Plaintiff for all time worked at the required rate of pay.

57. Defendants were aware of, required, suffered and permitted Plaintiff and to work without compensation (i.e., "off the clock"), or at rates less than the required rate of pay for regular and overtime hours.

58. Defendants' conduct complained of herein was willful and intentional, in that Defendants knew, required, approved and/or suffered or permitted Plaintiff to work hours for which they were not paid, or to work at rates less than those required by the Chicago Ordinance.

59. As a result of Defendants' willful violation of the Chicago Ordinance, Plaintiff has been damaged in that they have not received wages due and owing pursuant to the Chicago Ordinance.

WHEREFORE, Plaintiff respectfully request this Court enter judgment in his favor and against Defendants, jointly and severally, for the following:

a. All wages owed and treble damages as provided by the Chicago Ordinance, Chicago Mun. Code 1-24-110;

b. Attorneys' fees and costs of this action (Id.); and,

c. Such other relief as this Court deems necessary and just.

### COUNT V
### Unjust Enrichment at Illinois Common Law
### (All Defendants)

60. Plaintiff incorporates paragraphs 1 through 57 as if fully set forth herein.

61. Defendants have received an unjust enrichment by retaining the benefits of Plaintiffs' services without paying them their promised wages.

62. Defendants continue to receive an unjust enrichment by failing to properly compensate Plaintiff for his labor services.

63. Defendants' retention of such services and repudiation of their obligations to pay Plaintiffs the wages to which they are entitled to violates the fundamental principles of justice, equity, and good conscience.

WHEREFORE Plaintiff respectfully requests that this Court enter an Order against Defendants, jointly and severally, awarding Plaintiff:

a. Compensatory damages against Defendants, in an amount to be determined at trial;

b. an award of litigation costs and expenses; and

   c. Other and further relief as this Court deems reasonable and just under the circumstances.

## COUNT VI
### Retaliatory Discharge Under Fair Labor Standards Act
### (All Defendants)

64. Plaintiff incorporates Paragraphs 1 through 63 as if fully set forth herein.

65. The anti-retaliation provision of the FLSA, Section 215(a)(3), makes it unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint... under or related to [the FLSA]." 29 U.S.C. sec. 215(a)(3).

66. Plaintiff's multiple complaints in 2017 to Defendants prior to his discharge regarding his withheld wages and refusal to transition into more bankruptcy cases with payment at the end of the bankruptcy, requiring additional hours worked for less then minimum wage and without overtime payment, constitutes a "complaint" within the meaning of the FLSA's anti-retaliation provision.

67. Defendants terminated Plaintiff employment in retaliation for his complaints about Defendants' conduct that violated the FLSA.

68. Defendants' termination of Plaintiff's employment violated the FLSA's anti-retaliation provision.

69. Defendants' violation of Plaintiff's rights under the FLSA caused him to suffer financial loss and other compensatory damages including, but not limited to, lost wages, injury to his career and professional reputation and emotional pain, distress, embarrassment, humiliation, mental anguish and loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants, jointly and severally, for the following:

  a. Compensatory damages including front pay; back pay, inclusive of lost wages and any benefits; lost future earnings; prejudgment and post-judgment interest;

  b. Liquidated damages in an additional amount equal to the sum of the actual damages and interest;

  c. Punitive damages;

  d. Reasonable attorney's fees;

  e. An award of litigation costs and expenses; and

  f. Any and all other relief that this Honorable Court may deem just and equitable.

## COUNT VII
### Retaliatory Discharge Under Illinois Common Law
### (All Defendants)

70. Plaintiff incorporates Paragraphs 1 through 69 as if fully set forth herein.

71. At all relevant times to this Complaint, Defendants were employers and/or joint employers of Plaintiff.

72. The public policy of Illinois as set forth in the Illinois Minimum Wage Law, 820 ILCS 105/4, prohibits employers permitting or demanding covered non-exempt employees work for less than the minimum wage for all regular hours worked.

73. The public policy of Illinois as set forth in the Illinois Minimum Wage Law, 820 ILCS 105/4(a), prohibits employers permitting or demanding covered non-exempt employees work at a rate of time and one-half their regular rate of pay for overtime hours, i.e., hours worked in excess of 40 in a workweek.

74. The public policy of the City of Chicago as set forth in the Chicago Minimum Wage Ordinance, MCC 1-24-080, prohibits employers from retaliating against covered employees exercising their rights to be paid minimum wages for all regular hours worked and paid at a rate

of time and one-half their regular rate of pay for overtime hours, i.e., hours worked in excess of 40 in a workweek.

75. The failure of Defendants' to pay Plaintiff the statutory minimum wage for all regular hours worked and statutory overtime for all hours worked over 40 was in violation of the Illinois Minimum Wage Law and the Chicago Minimum Wage Ordinance.

76. Defendants' termination of Plaintiff for his complaints about his rates of pay in violation of 820 ILCS 105/4 and 4(a) and the CMWO and for his refusal to transition into additional bankruptcy cases to be paid at the end of the bankruptcy in violation of 820 ILCS 105/4, 4(a) and the CMWO violated the clear mandate of Illinois public policy and therefore constituted the tort of retaliatory discharge at Illinois common law.

77. As a direct and proximate result of the retaliatory discharge of Plaintiff by Defendants, Plaintiff suffered damages, including, without limitation, lost income and benefits, emotional distress, damage to his reputation, and loss of employment.

78. Defendants' conduct was willful, wanton, reckless and/or deliberate which justifies imposition of punitive damages.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in their favor and against Defendants, jointly and severally, for the following:

    a. Compensatory damages including front pay; back pay, inclusive of lost wages and any benefits; lost future earnings; prejudgment and post-judgment interest;

    b. Liquidated damages in an additional amount equal to the sum of the actual damages and interest;

    c. Punitive damages;

    d. Reasonable attorney's fees;

    e.    An award of litigation costs and expenses; and

    f.    Any and all other relief that this Honorable Court may deem just and equitable.

## COUNT VI
### Retaliatory Discharge Under the Illinois Wage Payment and Collection Act
### (All Defendants)

79.    Plaintiff incorporates Paragraphs 1 through 78 as if fully set forth herein.

80.    Pursuant to Section 14 of the IWPCA, "any employer, or any agent of an employer, who discharges or in any other manner discriminates against any employee because that employee has made a complaint to his employer .... that he or she has not been paid in accordance with the provisions of this Act... who has been unlawfully retaliated against shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, all legal and equitable relief as may be appropriate. In a civil action, such employee shall also recover costs and all reasonable attorney's fees." 820 ILCS 115/14(c).

81.    Plaintiff's refusal of Defendants' request to transition into more bankruptcy cases with payment at the end of the bankruptcy that would have required delay of payment of earned wages in violation of the IWPCA, constituted a "complaint" within the meaning of the IWPCA's anti-retaliation provision.

82.    Defendants terminated Plaintiff employment in retaliation for his complaints about Defendants' conduct that violated the IWPCA.

83.    Defendants' termination of Plaintiff's employment violated the FLSA's anti-retaliation provision.

84.    Plaintiff has not filed, prosecuted or recovered any claim filed with the Department of Labor which entitles him to bring a civil action for all legal and equitable relief as may be appropriate, and also recover costs and all reasonable attorney's fees.

85. Defendants' violation of Plaintiff's rights under the IWPCA caused him to suffer financial loss and other compensatory damages including, but not limited to, lost wages, injury to his career and professional reputation and emotional pain, distress, embarrassment, humiliation, mental anguish and loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in their favor and against Defendants, jointly and severally, for the following:

a. Compensatory damages including front pay; back pay, inclusive of lost wages and any benefits; lost future earnings; prejudgment and post-judgment interest;

b. Liquidated damages in an additional amount equal to the sum of the actual damages and interest;

c. Punitive damages;

d. Reasonable attorney's fees;

e. An award of litigation costs and expenses; and

f. Any and all other relief that this Honorable Court may deem just and equitable.

JURY TRIAL DEMANDED.

    Respectfully submitted,

    GAINSBERG LAW, P.C.

    By:   /s/ Nicholas Kreitman
        Nicholas Kreitman
        Plaintiff's Attorney

Nicholas Kreitman
Gainsberg Law, P.C.
22 W. Washington St., 15th Floor
Chicago, Illinois 60602
(312) 600-9585
nick@gainsberglaw.com